COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Willie McDowell v. The State of Texas

Appellate case number:     01-15-00483-CR

Trial court case number:    1439664

Trial court:                182nd District Court of Harris County

On September 13, 2015, appellant filed a notice to represent himself on appeal. By order dated October 13, 2015, we abated the cause to the trial court to conduct a hearing to determine whether appellant wished to waive his right to counsel, determine whether the waiver was intelligent and voluntary, and whether appellant's decision to proceed pro se was in the best interests of appellant, the State of Texas, and the administration of justice.

At the hearing, the trial court inquired into appellant's educational background and appellant informed the trial court that he had a G.E.D., but no college or formal legal training. Appellant stated that he wanted to represent himself on appeal because he would have to represent himself to file a petition for discretionary review or an article 11.07 habeas petition and wanted to begin the process of educating himself on the legal system. At the conclusion of the hearing, the trial court found that appellant did not understand all of the pitfalls of proceeding pro se on appeal and that it was not in the best interests of appellant, the State, or the administration of justice to allow appellant to proceed pro se on appeal. The trial court determined that appointing new appellate counsel and removing appellant's original appointed counsel would be in everyone's best interests.

Appellant's new appointed counsel filed a motion to reinstate the appeal on November 12, 2015 which we granted on November 24, 2015.

An appellant has a right to counsel on direct appeal from a criminal conviction. *See Buntion v. Harmon*, 827 S.W.2d 945, 948 (Tex. Crim. App. 1992); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(a) (West Supp. 2011). An appellant does not, however, have a right to self-representation on appeal. *See Scheanette v. State*, 144

S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004); *Crawford v. State*, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, order); *Cormier v. State*, 85 S.W.3d 496, 497–98 (Tex. App.—Houston [1st Dist.] 2002, order); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order). We review requests for self-representation in appeals from criminal convictions on a case-by-case basis, considering the best interests of the appellant, the State, and the administration of justice. *See Crawford*, 136 S.W.3d at 418; *Cormier*, 85 S.W.3d at 498; *Hadnot*, 14 S.W.3d at 350.

In the present case, the trial court concluded that it would not be in the best interests for appellant to represent himself due to his lack of legal training and no college education. The trial court also concluded that it would not be in the State's interest or in the interests of the administration of justice.

While we respect appellant's genuine desire to proceed pro se, we nevertheless find that it would not be in his best interest. We also find that the State's interest in the fair and efficient administration of justice would not be served in this case by allowing appellant to represent himself. *See Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order). Accordingly, appellant's request to proceed pro se is **denied**.

Appellant has also filed a "Notice of Appeal to Trial Courts Ruling at Farretta Hearing." Appellant appears to be attempting to appeal the trial court's findings that it would not be in his best interests to represent himself on appeal. Because we have denied appellant's request to proceed pro se, appellant's motion is denied as moot.

Appellant is directed to notify this Court within 20 days from the date of this order on whether he will be filing a brief.


It is so ORDERED.


Judge's signature: /s/___Sherry Radack
              ☒ Acting individually    ☐ Acting for the Court

Date: December 8, 2015